02D01-2308-PL-000354

USDC IN/ND case 1:23-cv-00396-CCB-ALT   document 5   filed 08/17/23   page 1 of 15

Filed: 8/17/2023 4:00 PM
Clerk
Allen County, Indiana
BB

Allen Superior Court 1

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| --- | --- | --- |
| | )SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO.: |

ELITE MEDICAL STAFFING LLC,

    Plaintiff,

vs.

LANDMARK RECOVERY OF CARMEL, LLC D/B/A PRAXIS OF FORT WAYNE,

    Defendant.

## VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, Plaintiff, Elite Medical Staffing LLC ("**Plaintiff**" or "**Elite Medical**"), through undersigned counsel, and submits this Verified Complaint for Damages and Injunctive Relief against Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne ("**Defendant**" or "**Praxis**"). In support, Plaintiff states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Elite Medical is an Indiana limited liability company with its principal place of operation in Allen County, IN.

2. Defendant Praxis is a foreign limited liability company with its principal place of operation in Tennessee and with a registered agent in Indianapolis, IN.

3. Defendant Praxis is but one of multiple "Praxis" and/or "Landmark Recovery" entities operating within the State of Indiana (*see* **Exhibit "A"**, which is hereby fully incorporated as a substantive part of this Complaint by reference).

4. Defendant is subject to this Court's jurisdiction, as it has had minimum contacts with the State of Indiana and purposely availed itself of the laws of the State of Indiana by, *inter*

*alia*, soliciting business and performing services within the state *See Brockman v. Kravic*, 779 N.E.2d 1250, 1256 (Ind. Ct. App. 2002) (discussing personal jurisdiction, minimum contacts, purposeful availment, and the test for personal jurisdiction). Moreover, Praxis registered as a foreign limited liability company with the Indiana Secretary of State.

5. Venue is proper in this Court pursuant to Ind. T.R. 75(A), as Plaintiff operates out of this judicial district, the agreement at issue was for services in this district, and a substantial amount of the acts and/or omissions occurred in this district.

## FACTS

6. Plaintiff Elite Medical serves as a staffing facility for nurses and/or healthcare workers (collectively "**Personnel**") in the Allen County, IN area.

7. On March 9, 2023, Plaintiff and Defendant entered a Nursing Facility Staffing Agreement ("**Contract**" or "**Staffing Agreement**") (**Exhibit "B"**, which is hereby fully incorporated as a substantive part of this Complaint by reference) for Plaintiff to provide licensed Personnel for Defendant to utilize at its facility.

8. The term was in effect for one (1) year from the date of signature (Exhibit B).

9. Pursuant to the Contract, Defendant was to make all payments to Plaintiff within thirty (30) days of receiving an invoice for services rendered.

10. Payments not received after thirty (30) days from the applicable invoice date immediately accrue interest at a rate of four percent (4%) and "on a monthly basis thereafter on any balance that remains unpaid" (Exhibit B).

11. Furthermore, per the terms of the Contract, Defendant was **expressly prohibited** from soliciting and hiring Plaintiff's Personnel for a period of twelve (12) months after the last date of service:

> For a period of twelve (12) months following the last date on which Elite Personnel last work a shift at Facility, Facility agrees that it will take **no steps to solicit, recruit, hire, or employ** as its own employees or as a contractor, those Personnel provided by Elite during any Term(s) of this Agreement . . . Facility further acknowledges and agrees that there is a substantial investment in business related costs incurred by Elite in recruiting, training and employing Personnel, to include advertisement, recruitment, interviewing, evaluation, reference checks, training, and supervising Personnel. In the event that Facility, or any affiliate, subsidiary, department, or division of Facility hires, employs, or solicits Elite's Personnel in violation of the time restrictions regarding last date Personnel worked at Facility as provided in this Agreement, **Facility agrees it will be in breach of this Agreement.** For any such breach, Facility agrees to either (a) give Facility one hundred eighty (180) days' notice of its intent to hire, continuing to staff Personnel through Facility for a minimum of thirty-six (36) hours per week through the one hundred eighty (180) days' notice period, or (b) pay Facility, a placement fee equal to the greater of ten thousand dollars ($10,000) or the sum of thirty percent (30%) of such Personnel's annual salary (calculated as Hourly Pay Rate x 2080 Hours x 30%) in liquidated damages.

(Exhibit B) (emphasis added).

12. Since signing the Contract, Defendant has repeatedly failed to pay the invoices due and owing to Plaintiff (*see* **Exhibit "C"**, which are hereby fully incorporated as a substantive part of this Complaint by reference).

13. Indeed, since May 10, 2023, Defendant owes an outstanding amount of $182,342.07 in missed invoice payments (*see* Exhibit B), not including any attorneys' fees, costs, or expenses incurred in the recovering the same.

14. Per the Contract, Notice is not required prior to payment. Rather, invoices are automatically due within thirty (30) days of receipt.

15. Plaintiff has repeatedly attempted to contact Defendant regarding the outstanding payments, but to no avail.

16. As of August 8, 2023, Defendant claimed that it did not have the funds to pay Plaintiff's invoices "anytime in the near future".

17. Moreover, Defendant has continually "head-hunted", recruited, and hired Plaintiff's Personnel in violation of the plain language of the Contract.

18. Edwiena Noel ("**Noel**"), Plaintiff's Owner, was personally informed that at least six (6) of Plaintiff's Personnel accepted positions as Defendant's employees:

> To maintain transparency, I wanted to let you know that a few of your staff have applied for and accepted positions within our facility. All three have verbally communicated that they plan to retain their position with Elite and continue to meet your hourly requirements. The three staff members are: Samone Doyle, Tamika Ford and Carianne Holly. These employees were asked to communicate with your agency in regard to accepting full-time positions within our facility.

(*see* **Exhibit "D"**, which is hereby fully incorporated as a substantive part of this Complaint by reference).

19. Defendant's actions continue to cause irreparable damage to Plaintiff and its business.

20. Per the Staffing Agreement, Plaintiff is entitled to payment of its attorneys' fees, costs, and expenses, incurred in bringing this action:

> <u>Facility agrees to pay any and all attorney's fees, costs, and expenses as they are incurred within thirty (30) days of receipt of invoice for same</u> for any and all disputes of any kind, whether at law or equity, including collections for amounts owed to Elite, arising out of or related to this Agreement at any stage of any litigation whether pre-suit, equitable proceeds, or even through courts of appeals/last resort.

(Exhibit B) (Emphasis added).

4

## COUNT I
## BREACH OF CONTRACT

21. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

22. In March 2023, Plaintiff and Defendant entered the Staffing Agreement.

23. The Staffing Agreement is a valid and enforceable Agreement under controlling Indiana law.

24. Per the terms of the same, Defendant was to timely pay Plaintiff's monthly invoice and refrain from recruiting and hiring Plaintiff's Personnel, else Defendant would be subject to penalties and liquidated damages.

25. Despite the language in the Staffing Agreement, Defendant failed to pay its invoices within months of executing the Staffing Agreement and voluntarily admitted to hiring Plaintiff's Personnel.

26. Those same employees contacted Plaintiff regarding the same (*see* **Exhibit "E"**, which is hereby fully incorporated as a substantive part of this Complaint by reference).

27. One of the specific and express terms of the Staffing Agreement is that Defendant pay Plaintiff's attorneys' fees, costs, and expenses, for any and all disputes arising out of and relating to the Agreement within thirty (30) days of receipt of invoice for same (*see* Exhibit B)

28. Attorneys' fees have been and will continue to be incurred by Plaintiff pertaining to present dispute.

29. Defendant is responsible for attorney's fees for this lawsuit.

30. Defendant is responsible for damages pertaining to the Staffing Agreement.

31. As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered and continues to suffer substantial damages, entitling it to damages and equitable relief.

WHEREFORE, Plaintiff, Elite Medical Staffing LLC, through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne, in an amount to be determined at trial, and attorneys' fees, liquidated damages, consequential damages, costs, expenses, and for all other just and proper relief in the premises.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF

32. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendant's conduct is violative of their express contractual obligations to Plaintiff.

34. As set forth herein and seen in Exhibit B, Defendant agreed to the following: "For a period of twelve (12) months following the last date on which Elite Personnel last work a shift at Facility, Facility agrees that it will take no steps to solicit, recruit, hire, or employ as its own employees or as a contractor, those Personnel provided by Elite during any Term(s) of this Agreement" (Exhibit A) (Emphasis added).

35. Despite the foregoing unequivocal language, Defendant's representative voluntarily admitted to hiring recruiting and hiring multiple of Plaintiff's Personnel (Exhibit D).

36. Plaintiff's business has suffered and continues to suffer immediate harm, as Defendant not only has failed to pay invoices of $182,342.07 yet has recruited and employed Plaintiff's Personnel to its detriment.

37. There is no other remedy reasonably calculable remedy at law.

38. Injunctive relief is appropriate and necessary, as Plaintiff has expended significant resources in recruiting, hiring, and assigning its Personnel.

39. Further, the Staffing Agreement provides for recovery of liquidated damages, as Defendant's actions have caused irreparable damage for which remedies at law would be inadequate.

40. Plaintiff agrees that, pursuant to Indiana law, it will post security in accordance with any Court Order to cover damages, costs, or expenses that might accrue due Plaintiff's request.

41. Plaintiff has a reasonable likelihood of success on this count given the terms of the Staffing Agreement at trial.

42. The threatened injury to Plaintiff outweighs the potential harm to the Defendant.

43. The remedies sought herein, are not against public interest/policy.

WHEREFORE, Plaintiff, Elite Medical Staffing LLC, through undersigned counsel, requests the Court enter judgment in its favor and against Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne, as follows: (1) entry of immediate equitable relief and a preliminary injunction for specific performance of the Staffing Agreement's terms; (2) entry of immediate equitable relief and a preliminary injunction prohibiting Defendant, or any entity on Defendant's behalf, from contacting Plaintiff's Personnel, and (3) all other equitable and just relief in the premises.

## COUNT III
## UNFAIR COMPETITION

44. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

45. The tort of unfair competition is premised on the rationale that a company who has built up good will and reputation is entitled to receive the benefits from its labors. *See Hammons*

7

*Mobile Homes, Inc. v. Laser Mobile Home Transport, Inc.*, 501 N.E.2d 458, 460-61 (Ind. Ct. App. 1986).

46. In alleging unfair competition, "the plaintiff is not required to show actual deception, but only that deception is the unfair and probable consequences of the tortfeasor's actions." *Id.* at 461.

47. Defendant has engaged in unfair competition by making deceitful comments and performing dishonest business practices in an attempt to solicit, divert, and hire Plaintiff's employees.

48. Indeed, despite the express terms in the Staffing Agreement, Defendant has poached Plaintiff's Personnel to its detriment and caused, and continues to cause, damage to Plaintiff.

WHEREFORE, Plaintiff, Elite Medical Staffing LLC, through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne, in an amount to be determined at trial, and costs, expenses, attorneys' fees, liquidated damages, punitive damages, and for all other just and proper relief in the premises.

## COUNT IV
## STATUTORY FRAUD UNDER I.C. § 34-24-3-1

49. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

50. Pursuant to I.C. § 35-43-5-4, a person/entity commits fraud when, with the intent to obtain property to which the person/entity is not entitled, knowingly or intentionally makes a false or misleading statement, or creates a false impression in another person. *See* I.C. § 35-31.5-2-253(a) ("'[P]roperty means anything of value. The term includes: . . . (2) real property, personal

property, money, labor, and services."); I.C. § 35-31.5-2-234 (" '[P]erson' means a human being, corporation, limited liability company, partnership, unincorporated association, or governmental entity."); I.C. § 35-31.5-1-1 ("Except as otherwise provided, the definitions in this article apply throughout this title and to all other statutes relating to penal offenses.").

51. At the time of contracting in March 2023, Defendant represented it was a prospering business that would be able to meet obligations set forth in the Staffing Agreement, specifically regarding unpaid invoices and penalties for the same (*see* Exhibit B).

52. Despite the foregoing, Defendant stopped paying its invoices within two (2) months of contracting with Plaintiff.

53. When Plaintiff contacted Defendant about the missed payments, Defendant's representative claimed that the employee who handled accounts payable was on vacation. Plaintiff later discovered this was a fabrication intended to deceive Plaintiff into thinking Defendant was still financially sound.

54. Defendant's misrepresentations were false and made with knowledge and/or reckless ignorance of their falseness, and as seen in the preceding paragraphs of this Complaint, there is an abundance of circumstantial evidence supporting these allegations.

55. As a result of Defendant's fraudulent and deceitful misrepresentations, Plaintiff suffered $182,342.07 in missed invoice payments (*see* Exhibit B), not including any attorneys' fees, costs, or expenses incurred in the recovering the same.

WHEREFORE, Plaintiff, Elite Medical Staffing LLC, through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne, in an amount to be determined at trial, and

punitive damages, treble damages, attorneys' fees, costs, expenses, all other remedies authorized by I.C. § 34-24-3-1, and for all other just and proper relief in the premises.

## COUNT V
## UNJUST ENRICHMENT

56. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

57. Plaintiff pleads this Count in the alternative if the Court determines that any of Plaintiff's serves were outside of the parties' Staffing Agreement.

58. To recover for unjust enrichment, a party must show that (1) they rendered a measurable benefit to the opposing party at the opposing party's express or implied request; (2) the party expected payment; and (3) allowing the opposing party to retain the benefit without restitution would be unjust. *See Neibert v. Perdomo*, 54 N.E.3d 1046, 1051 (Ind. Ct. App. 2016).

59. Plaintiff provided its Personnel and services to Defendant at its direction with the express understanding that all invoices for said services would be timely paid.

60. Plaintiff expected payment for its services; however, Defendant failed and/or refused to compensate Plaintiff accordingly and per the terms of the parties' agreement.

61. As such, Defendant's retention of the services rendered by Plaintiff without appropriate compensation would be unjust.

WHEREFORE, Plaintiff, Elite Medical Staffing LLC, through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne, in an amount to be determined at trial, costs, expenses, and all other just and proper relief in the premises.

## COUNT VI
## QUANTUM MERUIT

62. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

63. Plaintiff pleads this Count in the alternative if the Court determines that any of Plaintiff's serves were outside of the parties' Staffing Agreement.

64. As provided by the Court in *Woodruff*, quantum meruit involves three elements: "(1) a benefit conferred upon another at the express or implied request of this party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Woodruff v. Indiana Family and Social Services Admin.*, 964 N.E.2d 784, 791 (Ind. 2012) (citing *Kelly v. Levandoski*, 825 N.E.2d 850, 861 (Ind. Ct. App. 2005), *trans. denied*).

65. Although similar, unjust enrichment and quantum meruit provide different theories of recovery. *See Lash v. Kreigh*, 2023 WL 224305 at *2-3 (Ind. Ct. App. 2023) (discussing the distinctions between unjust enrichment and quantum meruit and describing them as "discretely different").

66. Plaintiff provided its Personnel and services to Defendant at its direction with the express understanding that all invoices for said services would be timely paid.

67. Plaintiff expected payment for its services; however, Defendant failed and/or refused to compensate Plaintiff accordingly and per the terms of the parties' agreement.

68. As such, Defendant's retention of the services rendered by Plaintiff without appropriate compensation would be unjust.

WHEREFORE, Plaintiff, Elite Medical Staffing LLC, through undersigned counsel, respectfully requests the Court enter judgment in its favor and against Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne, in an amount to be determined at trial, costs, expenses, and all other just and proper relief in the premises.

Respectfully submitted,

PODLASKI
ATTORNEYS

/s/Christopher R. Moon
Nicholas A. Podlaski, #32412-02
Christopher R. Moon, #36524-45
803 S. Calhoun Street, Suite 110
Fort Wayne, IN 46802
(260) 782-1712
nick@podlaskilegal.com
chris@podlaskilegal.com
*Attorneys for Plaintiff*

## VERIFICATION

I, Edwiena Noel, affirm under the penalties of perjury that the foregoing statements and allegations in this Verified Complaint for Damages and Injunctive Relief are true and accurate to the best of my knowledge, information, and belief.

By: _[signature]_

Its: CEO & Founder

## CERTIFICATE OF SERVICE

I certify that on ___17___, a courtesy copy of the foregoing was filed electronically through the Court's e-filing system, was served via certified mail with return receipt requested to:

Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne
720 Cool Springs Blvd., Suite 500
Franklin, TN 37067

Corporation Service Company
ATTN: Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

/s/ Christopher R. Moon
Christopher R. Moon

02D01-2308-PL-000354
Allen Superior Court 1
Filed: 8/17/2023 4:00 PM
Clerk
Allen County, Indiana
BB

USDC IN/ND case 1:23-cv-00396-CCB-ALT   document 5   filed 08/17/23   page 14 of 15

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | )SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO.: |
| | ) | |
| ELITE MEDICAL | ) | |
| STAFFING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LANDMARK RECOVERY OF | ) | |
| CARMEL, LLC D/B/A PRAXIS | ) | |
| OF FORT WAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY DEMAND

COMES NOW, Plaintiff, Elite Medical Staffing LLC, by counsel, and pursuant to Indiana Rules of Trial Procedure 38, demands a trial by jury for all those so triable.

Respectfully submitted by:

**PODLASKI**
ATTORNEYS

*/s/ Christopoher R. Moon*
Christopher R. Moon, #36524-45

## CERTIFICATE OF SERVICE

      I certify that on August 17, 2023, a courtesy copy of the foregoing was filed electronically through the Court's e-filing system and/or was served via certified mail with return receipt requested to:

Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne
720 Cool Springs Blvd., Suite 500
Franklin, TN 37067

Corporation Service Company
ATTN: Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne
135 North Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

Landmark Recovery of Carmel, LLC d/b/a Praxis of Fort Wayne
1529 West Lancaster Street
Bluffton, IN 46714

                                                  */s/ Christopher R. Moon*
                                                  Christopher R. Moon