UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ELITE MEDICAL STAFFING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:23-cv-00396-HAB-SLC |
| | ) | |
| LANDMARK RECOVERY OF CARMEL, | ) | |
| LLC, *doing business as* Praxis of Fort Wayne, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On September 18, 2023, Defendant Landmark Recovery of Carmel, LLC, removed this action from the Allen County Superior Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Defendant's allegations of diversity of citizenship require clarification in two respects.

The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Here, Defendant alleges in the Notice of Removal that the members of Plaintiff Elite Medical Staffing LLC, "*include* Edwiena Noel and Jason Noel, who are . . . citizens of the State of Indiana." (*Id.* ¶ 1 (emphasis added)).[1] Defendant's use of the term "include" suggests that Plaintiff could have more than the two members identified. Therefore, Defendants must advise the Court whether Edwiena Noel and Jason Noel are the ONLY two members of Plaintiff. *See generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining

---

[1] While Defendant also alleges that Edwiena Noel and Jason Noel are "residents" of Indiana, "residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

that the court would "need to know the name and citizenship(s)" of *each* partner of a partnership for diversity jurisdiction purposes).[2]

Further, when alleging its own citizenship, Defendant states that its sole member, Landmark Recovery of Louisville, LLC, is "owned by estate planning trusts of Clifford F. Boyle . . . citizen of Tennessee." (ECF 1 ¶ 2). This is insufficient. The Court must be informed of the name and citizenship of each member of Landmark Recovery of Louisville, LLC. *See Guar. Nat'l Title Co.*, 101 F.3d at 59. If any of those members are a "traditional" trust—that being a "'fiduciary relationship' between multiple people"—the trust's citizenship is determined by the citizenship of its trustee(s). *Americold Realty Tr. v. Conagra Foods, Inc.,* 577 U.S. 378, 383 (2016) (citation omitted); *see also Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *4900 Morse Land Tr. v. Occidental Petrol. Corp.*, No. 2:23-cv-40-PPS-JPK, 2023 WL 1990076, at *5 (N.D. Ind. Feb. 14, 2023). If any of those members are a "business" trust, its citizenship is that of the trust's members or beneficiaries. *See Occidental Petrol. Corp.*, 2023 WL 1990076, at *4-5.

Nor does Defendant's disclosure statement cure this deficiency. There, Defendant recites that "Landmark's *principal* is Clifford F. Boyle, an individual who . . . is a citizen of Tennessee." (ECF 3 ¶ 1 (emphasis added)). Consequently, Defendant's disclosure statement is also deficient under Federal Rule of Civil Procedure 7.1.

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save*

---

[2] Defendant uses this same term, "includes," when alleging its own member's citizenship, but there it adds that it has just a "sole member." (ECF 1 ¶ 2).

2

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Accordingly, Defendant is AFFORDED to and including October 5, 2023, to file: (1) a supplemental jurisdictional statement that adequately articulates each party's citizenship,[3] and (2) an amended disclosure statement that fully complies with Rule 7.1. Further, Plaintiff is ORDERED to file its own disclosure statement in accordance with Rule 7.1 on or before October 5, 2023.

SO ORDERED.

Entered this 21st day of September 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[3] In filing the supplemental jurisdictional statement, Defendant is to bear in mind that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).