## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| **ELITE MEDICAL STAFFING LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 1:23-cv-00396-CCB-SLC** |
| ) | |
| **LANDMARK RECOVERY OF** ) | |
| **CARMEL LLC,** *doing business as* ) | |
| **Praxis of Fort Wayne,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's motion to compel filed on July 17, 2024 (ECF 32), seeking to compel Defendant to respond to Plaintiff's First Set of Interrogatories and First Requests for Production of Documents (ECF 32-1). Defendant has not responded to the motion, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). For the following reasons, Plaintiff's motion to compel will be GRANTED.

*A. Procedural Background*

Plaintiff, a staffing facility for nurses and other healthcare workers, filed this action against Defendant, a healthcare facility, in August 2023 in Allen County Superior Court, asserting that Defendant breached a staffing agreement entered into between the parties in March 2023. (ECF 5). Defendant timely removed the case to federal court pursuant to diversity jurisdiction, 28 U.S.C. § 1332. (ECF 1, 9, 10). On November 15, 2023, the Court held a preliminary pretrial conference, setting a discovery deadline of August 15, 2024, and a dispositive motions deadline of September 16, 2024. (ECF 25, 26).

Plaintiff served its First Set of Interrogatories and First Requests for Production of Documents to Defendant on January 4, 2024. (ECF 32-1). On February 6, 2024, Defendant's

counsel requested from Plaintiff a thirty-day extension to respond to the discovery requests, to which Plaintiff had no objection. (ECF 32 ¶¶ 2, 3). On March 18, 2024, having not received Defendant's discovery responses, Plaintiff's counsel sent correspondence to Defendant requesting that it respond to the discovery requests by April 1, 2024. (ECF 32-2; ECF 33 ¶ 1). Later that same day, Defendant's counsel contacted Plaintiff's counsel regarding possible settlement negotiations, after which Plaintiff sent a renewed settlement demand to Defendant on April 4, 2024. (ECF 33 ¶¶ 2, 3).

On May 21, 2024, Plaintiff's counsel sent a follow-up email to Defendant regarding the outstanding discovery responses. (ECF 32-3; ECF 33 ¶ 4). On July 8, 2024, Plaintiff's counsel spoke with Defendant's counsel regarding the discovery responses, requesting that a status update be provided by the end of the week. (ECF 33 ¶ 5). On July 15, 2024, Plaintiff's counsel left a voicemail for Defendant's counsel again requesting an update as to the outstanding discovery responses. (*Id.* ¶ 6). As of the date Plaintiff filed the motion to compel, Defendant still had not responded to the discovery requests. (*Id.* ¶ 7).

### B. Applicable Law

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

A party may file a motion to compel under Rule 37 when the responding party is evasive or provides incomplete disclosures or answers. Fed. R. Civ. P. 37(a)(1). The moving party generally bears the burden of proving that the discovery it is seeking is relevant to the case. *See United States v. Lake Cnty. Bd. of Comm'rs*, No. 2:04 CV 415, 2006 WL 978882, at *1 (N.D.

Ind. Apr. 7, 2006). "The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Bd. of Trs. of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-02288-SLD-JEH, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016) (collecting cases).

### C. Discussion

Plaintiff has adequately attempted to confer in good faith with Defendant in an effort to resolve this matter without Court action. (ECF 33); *see* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). For the most part, Defendant has since seemingly ignored Plaintiff's communications following up on the requested discovery. Nor did Defendant file a response in opposition to the motion to compel, and its time to do so has passed.

Consequently, given Defendant's lack of response, the motion to compel (ECF 32) will be granted. Defendant will be ordered to answer Plaintiff's First Set of Interrogatories and produce all responsive documents in its "possession, custody, or control," Fed. R. Civ. P. 34(a); *see E.E.O.C. v. Heart of CarDon, LLC*, 339 F.R.D. 602, 606 (S.D. Ind. 2021), in response to Plaintiff's First Requests for Production of Documents (ECF 32-1).

### D. Conclusion

For the foregoing reasons, Plaintiff's unopposed motion to compel discovery responses from Defendant (ECF 32) is GRANTED. Defendant is ORDERED to on or before August 21, 2024: (1) answer Plaintiff's First Set of Interrogatories and (2) produce all documents in its possession, custody, or control that are responsive to Plaintiff's First Requests for Production of Documents. (ECF 32-1).

SO ORDERED. Entered this 7th day of August 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge