UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELITE MEDICAL STAFFING LLC, | |
| Plaintiff, | |
| v. | Case No. 1:23-CV-396-CCB-ALT |
| LANDMARK RECOVERY OF CARMEL LLC, | |
| Defendant. | |

## OPINION AND ORDER

On August 17, 2023, Plaintiff Elite Medical Staffing, LLC sued Defendant Landmark Recovery of Carmel, LLC in state court, alleging breach of contract, fraud, unfair competition, and unjust enrichment. (ECF 5). Defendant removed the case to the Northern District of Indiana on September 18, 2023. (ECF 1). After Plaintiff moved to compel discovery, Defendant's counsel moved to withdraw from the case on August 15, 2024. (ECF 36). Beginning on August 28, 2024, the case was stayed to provide Defendant with time to find new counsel. (ECF 39–41). On December 11, 2024, the stay was lifted. (ECF 42). Plaintiff moved for a clerk's entry of default on January 23, 2025, which was granted on February 18, 2025. (ECF 43; 44). Plaintiff has now moved for a default judgment, requesting damages. (ECF 45).

ANALYSIS

A. **Vacatur of Clerk's Entry of Default**

Defendant has asked this Court to set aside the clerk's entry of default under Federal Rule of Civil Procedure 55(c). To show good cause under Rule 55(c), a party must demonstrate (1) good cause to proceed to the merits of the case, (2) quick action to correct the entry of default, and (3) "an arguably meritorious defense to the lawsuit." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (*quoting Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)). Defendant's request is lacking on all three of these factors.

Defendant alleges that its default was due to "significant operational disruption, including staffing transitions and financial hardship, which impaired its ability to secure timely legal representation" after its initial counsel withdrew. (ECF 47 at 3). However, the Court granted Defendant ample opportunity to find new counsel. Eleven days after counsel withdrew on August 15, 2024, Magistrate Judge Collins issued a 30-day stay to provide Defendant with time to find new counsel. (ECF 39). In cognizance of Defendant's difficulties, Magistrate Judge Collins extended the stay to more than three months, only lifting it on December 11, 2024 after Defendant repeatedly failed to acquire counsel. (ECF 41; 42). Even so, it was not until two months after the lifting of the stay that a clerk's entry of default was issued. (ECF 44). Defendant has been provided ample accommodations for its situation.

Nor has Defendant acted in a timely manner. Defendant did not request a correction of the clerk's entry of default until June 2025, and even then, it was only in a

2

procedurally improper form contained in its response to Plaintiff's motion for default judgment.[1] This was almost three months after the clerk's entry of default.

Finally, Defendant has failed to make any defense on the merits. *Escamilla*, 62 F.4th at 372. Defendant asserts that "many of the invoices [constituting Plaintiff's alleged missed payments] were not reviewed or approved internally due to staffing turnover and financial hardship" and that "[D]efendant also reserves the right to challenge the reasonableness of the claimed attorney's fees and associated costs." (ECF 47 at 4). But that is not a legal argument denying liability. Rather, it is a dispute about the scope of the damages remedy. But the entry of default judgment under Rule 55(b)(2) always includes an inquiry into the scope of damages. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Thus, Defendant does not raise the possibility that it has been unfairly prohibited from raising a substantively meritorious argument. *See Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868–89 (7th Cir. 2007). The Court finds no good cause to vacate the clerk's entry of default under Rule 55(c).

**B. Default Judgment**

Plaintiff has moved for a default judgment of $219,635.75 in damages under Federal Rule of Civil Procedure 55(B)(2). When requesting a default judgment under Rule 55(b)(2), a party must file "documentary evidence or detailed affidavits" affirming a precise sum of damages in order to avoid a hearing. *O'Brien v. R.J. O'Brien & Assoc.,*

---

[1] *See* N.D. Ind. L.R. 7-1 ("Motions must be filed separately"). Defendant should have filed a separate motion to vacate the clerk's entry of default. The Court may raise this issue sua sponte. *See Judson Atkinson Candies, Inc., v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 385 (7th Cir. 2008). Nevertheless, the Court will address the substance of Defendant's argument in this order.

3

*Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993). Here, Plaintiff's affidavit, provided by its CEO, only contains a single statement that "The true and correct amount owed . . . in this cause for actual and liquidated damages is $219,635.75." ECF 46-1 at 1. But to meet the requirements of Rule 55(b)(2), a party must do more than submit a "conclusory statement." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 603 (7th Cir. 2007). Plaintiff has not provided either documentation or details to support its requested figure. Thus, Plaintiff's motion is denied.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for a default judgment is **DENIED** without prejudice. (ECF 45). Plaintiff is free to re-file its motion with documentation and/or details supporting its request for damages. Defendant must file its response (if any) contesting the requested damages amount within 30 days of Plaintiff's renewed motion.

SO ORDERED on February 10, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT