UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ELITE MEDICAL STAFFING LLC,

    Plaintiff,

    v.

LANDMARK RECOVERY OF CARMEL
LLC,

    Defendant.

Case No. 1:23-CV-396-CCB-ALT

## OPINION AND ORDER

Plaintiff filed a renewed motion for default judgment on June 1, 2026. The Court now rules on the motion.

### BACKGROUND

Plaintiff initiated this case on August 17, 2023, alleging a variety of contract claims.[1] (ECF 5). The Clerk entered default on February 2, 2025. (ECF 44). Plaintiff initially requested default judgment on its contract claims on April 18, 2025, which the Court denied on the grounds that Plaintiff had not provided sufficient documentation or details to support its damages request. (ECF 45; 57). Now Plaintiff has again moved for default judgment under Rule 55(b)(2), this time providing additional documentary evidence and detailed affidavits in support of its damages request. (ECF 58). Plaintiff requests (1) attorney's fees of $30,966.59 and (2) contract damages of $488,975.28.

---

[1] In its original complaint, Plaintiff also requested injunctive relief. (ECF 5 at 6). However, it did not request or brief default judgment on that claim. The request also appears to be moot, given that it applied to a contract agreement that has now expired. (*Id.* at 2).

STANDARD

Courts do not automatically grant default judgment. A plaintiff must "demonstrate that they [are] entitled to judgment as a matter of law," assuming "that the factual allegations [in the complaint] are, by reason of the default, true." *Cass Cnty. Music Co. v. Muedini*, 55 F.3d 263, 265–66 (7th Cir. 1995). In doing this, a plaintiff must show that the defendant is liable on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Specifically, any allegations regarding the amount of damages "are not deemed true," but must be evaluated by the court. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154–55 (2d Cir. 1999)). A court may not enter default judgment without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight*, 500 F.3d at 602 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

ANALYSIS

A. **Attorney's Fees**

Plaintiff requests attorney's fees under Ind. Code § 34-24-3-1. But Ind. Code § 34-24-3-1 does not provide for attorney fee awards in standard contract claims. Rather, Ind. Code § 34-24-3-1, entitled the "Crime Victim's Relief Act," (CVRA) applies to claims arising from criminal acts such as theft or arson, and cases of "criminal deception," including forgery and fraud. *See Harlan Bakeries, Inc. v. Muncy*, 835 N.E.2d 1018, 1037

2

(Ind. Ct. App. 2005). Thus, any successful showing would depend on a finding of criminal fraud or other similar behavior by Defendant. *Id.* Plaintiff does not discuss or even mention this. That is a highly concerning omission, suggesting that Plaintiff's counsel was insufficiently candid to the Court. *See Cedar Crest Health Ctr., Inc. v. Bowen*, 129 F.R.D. 519, 525 (S.D. Ind. 1989) ("The Seventh Circuit recently stated in no uncertain terms that sanctions are appropriate when counsel for one side fails to bring dispositive authority to the court's attention") (citing *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043 (7th Cir. 1989)). In any case, Plaintiff's failure to brief this issue on the request for default judgment would waive it. *See Infusino v. Colvin*, No. 12 CV 3852, 2014 WL 266205, at *10 (N.D. Ill. Jan. 23, 2014)("Failure to fully develop arguments may result in their waiver or forfeiture"). And finally, regardless of whether waiver were applicable, none of Plaintiff's allegations reach the level of specificity or plausibility for this Court to find that Defendant engaged in "criminal deception" under the CVRA.[2] *See e360 Insight*, 500 F.3d at 602.

### B.  Damages

With regard to the contractual damages, Plaintiff submits an affidavit from its founder and CEO. (ECF 58-2). This affidavit provides a detailed account of the contractual relationship between Plaintiff and Defendant, and cites to exhibits of the

---

[2] Plaintiff's only claim that even plausibly falls under the CVRA is its claim for statutory fraud under Ind. Code § 35-43-5-4. (ECF 5 at 8). But the complaint only alleges that "When Plaintiff contacted Defendant about [missed payments], Defendant's representative claimed that the employee who handled accounts payable was on vacation." (*Id.* at 9). Plaintiff does not allege crucial elements for criminal fraud under Ind. Code § 35-43-5-4. For example, Plaintiff does not allege that Defendant made any false statements to obtain property, data, or an educational, governmental, or employment benefit to which Defendant was not entitled. *Id.* § 35-43-5-4(3).

specific missed invoice payments, contractual interest accrual rates, and liquidated damages clause breaches. (ECF 58-2). These are sufficient to state a breach of contract claim under Indiana law. *See Fort Wayne Elec. Light Co. v. Miller*, 131 Ind. 499, 30 N.E. 23, 25 (1892). Defendant has not made any objection or response to Plaintiff's damages calculations or evidence. The Court finds that these affidavits, along with the documentary evidence cited therein, contain sufficient detail to provide a definite and accurate estimate of the amount of damages due to Plaintiff. *See e360 Insight*, 500 F.3d at 602. Thus, Default Judgment of a specific damages amount is appropriate under Rule 55(b)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted (in part). The Court **GRANTS** Plaintiff's request for $488,975.28 in damages. (ECF 58). Plaintiff's request for attorney's fees is **DENIED**, with prejudice. The Clerk is **DIRECTED** to close the case.

SO ORDERED on June 18, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT